UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| GERMAN VELLON, | MEMORANDUM ORDER AND JUDGMENT |
| Petitioner, | |
| -against- | |
| JOSEPH DAVID, Superintendent of Greene Correctional Facility, | 01 CV 6505 (JBW) |
| Respondent. | |

-----------------------------------------------------------x

JACK B. WEINSTEIN, Senior U.S. District Judge

Petitioner commenced this case in the Northern District of New York. It was transferred to this court on September 30, 2001. Preliminary preparation was conducted by another judge of this court before it was reassigned to the undersigned on April 25, 2003.

The court on September 12, 2003 ordered counsel to supply a letter, affidavit or testimony from state trial counsel concerning petitioner's claim that his attorney refused to permit him to testify. By letter of November 6, 2003 this court was advised of the status of attempts to obtain trial defense counsel's affidavit.

On November 14, 2003 this court filed a memorandum judgment and order finding no merit in any of the claims on the law or the facts; dismissing the petition; denying a certificate of appealability; and advising petitioner of his right to seek a certificate from the Court of Appeals for the Second Circuit. The findings in that judgment are reaffirmed and incorporated in the present judgment.

By order filed in this court on August 30, 2004, the Court of Appeals for the Second Circuit remanded the case with the following mandate:



Appellant, *pro se*. moves for a certificate of appealability ("COA"). Upon due consideration, it is ORDERED that Appellant's motion is GRANTED for the purpose of REMANDING this case to the district court for further consideration of the merits of Appellant's claim that his trial counsel was ineffective for not allowing Appellant to testify on his own behalf (claim 6 from Appellant's 28 U.S.C. § 2254 petition; claim 4 from his COS motion). *See Chang v. United States*, 250 F.3d 79, 84-86 (2d Cir. 2001) (reasoning that it is "inappropriate" for a district court to summarily dismiss such a claim based solely on a petitioner's failure to satisfy the first prong of *Strickland v. Washington*, 466 U.S. 668 (1984)); *Brown v. Artuz*, 124 F.3d 73, 80 (2d Cir. 1997) (observing that, unless it is clear that the petitioner cannot satisfy the prejudice requirement of *Strickland*, this Court is required to "remand for a finding" on the question of whether the defendant was "aware that the ultimate decision whether to testify belonged to him"). On remand, the district court should either: (1) continue its effort to secure an affidavit from Appellant's trial counsel, *See Chang*, 250 F.3d at 85-86; (2) convene a hearing, at which it can summon Appellant's trial counsel to appear and respond to Appellant's allegation, *see id.;* or (3) determine whether Appellant can demonstrate resulting prejudice from his attorney's alleged deficiency, *see Brown*, 124 F.3d at 80-81. As to Appellant's other claims, it is ORDERED that the COA motion is DENIED.

Counsel was appointed for petitioner; the matter was briefed; the case coordinator reminded the parties that state counsel should appear at a scheduled evidentiary hearing; and the hearing was scheduled for December 14, 2005. After various adjournments sought by the

parties. On December 12, 2005 petitioner again asked for a postponement of the hearing.

The evidentiary hearing was held on January 30, 2006. Petitioner's counsel was present in court. Petitioner was present from his place of incarceration by telephone.

At the hearing Wilford Rodriguez, Esq., defense counsel at the state trial testified as follows: Petitioner spoke English and they conversed in English. Petitioner understood the trial conducted in English. Petitioner was repeatedly advised that he could testify if he wished, but that defense counsel believed he should not testify. Petitioner would not have made a good witness and might have been subject to impeachment because of his prior felony convictions, which would have been highly prejudicial. The information petitioner would have given was provided substantially by his common law wife in a less dangerous form. Defendant, himself, decided not to testify. Counsel was entirely credible and told the truth.

Petitioner German Vellon testified that he did not understand what was going on at the trial, and that he wanted to testify but was prevented from doing so by his attorney. He lied about both these matters. He was not credible.

Counsel for defendant was highly skilled. His strategic reasons for calling and not calling particular witnesses was entirely sound. *See record of hearing.* Petitioner was well represented at trial. His constitutional right to adequate counsel was not violated.

The petition is dismissed as wholly without merit. A certificate of appealability is denied since there has been no showing of the denial of a constitutional right. Defendant may seek a certificate of appealability from the Court of Appeals for the Second Circuit.

SO ORDERED.

Jack B. Weinstein  
Senior United States District Judge

Dated: January 30, 2006  
Brooklyn, N.Y.